# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| GENESE L. OWENS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 12-4041-CV-C-FJG ) |
| CAROLYN COLVIN[1], | ) ) |
| Defendant. | ) |

## ORDER

This case involves two applications for benefits under the Social Security Act. The first is an application for disability benefits under Title II of the Social Security Act 42 U.S.C. §§ 401 et seq. The second is an application for supplemental security income benefits under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. Plaintiff's applications for benefits were denied initially. On May 10, 2010, the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. Plaintiff then requested review by the Appeals Council. On December 29, 2011, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

The Eighth Circuit recently stated the standard for judicial review of an ALJ's denial of benefits:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is substituted for Michael J. Astrue as defendant in this suit.

reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006)(citing McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir.2000)).

Plaintiff argues that the ALJ erred in three different areas: 1) Failing to find plaintiff's diagnosis of diarrhea, nausea and vomiting to be a severe impairment; 2) Failing to consider the effect of the plaintiff's numerous hospitalizations over the course of a twenty-six month period on her ability to attend work on a sustained basis and 3) Failing to fully and fairly develop the record. With the exception of the argument that the ALJ failed to fully develop the record, the Court agrees that the ALJ's opinion was deficient in the areas which are noted above. Accordingly, the Court finds that these errors require reversal and remand. Upon remand, the ALJ shall consider all of plaintiff's severe impairments and also the effect of these impairments and plaintiff's numerous and frequent hospitalizations on her ability to attend work on a continuing and sustained basis. Accordingly, it is hereby **ORDERED** that plaintiff's motion to reverse the final decision of the ALJ is hereby **GRANTED** (Doc. # 13) and the decision of the Commissioner is hereby **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

Date: March 28, 2013　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge